**In re Dennis Drew BURCHELL, Debtor.**

**Herbert S. FREEHLING, Trustee, Plaintiff,**

v.

**The TENNIS CLUB OF FT. LAUDERDALE, LTD., a Florida limited partnership; Richard L. Danner; Richard Roberts Co., a Connecticut general partnership; Colonial Realty Company, a Connecticut general partnership; Robert H. Haines, III, Defendants.**

**Bankruptcy No. 80–00564–BKC–JAG.**
**Adv. No. 80–0251–BKC–JAG–A.**

United States Bankruptcy Court, S. D. Florida.

April 27, 1981.

Britton, Cohen, Kaufman, Benson & Schantz, Raymond B. Ray, Fort Lauderdale, Fla., Britton, Cohen, Kaufman, Benson & Schantz, Paul G. Hyman, Jr., Miami, Fla., for plaintiff.

Rogers, Morris & Ziegler, Dale H. Geisler, Fort Lauderdale, Fla., Wakefield, Hewitt & Webster, Robert G. Hewitt, Miami, Fla., co-counsel, for defendants.

Herbert S. Freehling, Fort Lauderdale, Fla., trustee.

### FINDINGS AND CONCLUSIONS

JOSEPH A. GASSEN, Bankruptcy Judge.

This adversary was tried on the complaint of the trustee to determine the validity and amount of interest of the debtor's estate in The Tennis Club of Ft. Lauderdale, Ltd., a Florida limited partnership, and on the answer and supplemental answer of the defendants.

The involvement of the debtor, Dennis Drew Burchell, with the facilities operated by The Tennis Club of Ft. Lauderdale, Ltd., ("Tennis Club") began several years prior to the execution of the agreement which gave rise to this litigation. As a tennis professional, Burchell saw the need for a tennis club in Ft. Lauderdale, and in 1969 began the development of a condominium combined with a tennis club. In 1972 he sold his interest. Defendants Richard L. Danner and Robert H. Haines, III were in the new ownership of the development. During 1973 through 1975, serious problems developed and in 1976 Burchell returned to try to attract new groups of investors and get all the parties to work together. During this period the condominium association sued the owners, claiming they abandoned it, having turned off electricity and water in the common areas and left it without personnel. The First Wisconsin National Bank of Milwaukee, first mortgagee, was joined as a defendant in the State Court action. The homeowners' association desired that the bank foreclose and operate the facilities itself. For a time the condominium was operated by a state court receiver.

Eventually it became apparent that Danner and Haines would have to rescue the tennis club since no other financing could be located. Danner and Haines were the two partners of Richard Roberts Co., ("RRC"), a Connecticut general partnership which was to be a general partner of The Tennis Club of Ft. Lauderdale, Ltd. Burchell had the trust of the First Wisconsin National Bank of Milwaukee and of the condominium owners and was used to bring all parties to an agreement which enabled Tennis Club to purchase the property.

On November 6, 1978, RRC and Burchell entered into Independent Contractor Agreement and Agreement for Purchase and Sale of Interest in General Partner (Plaintiff's Exhibit No. 1). Section I of the agreement dealt with duties to be performed by Burchell in obtaining certain settlements, releases and zoning permits and the compensation to be paid him for those services. Section II gave Burchell an option to purchase a share of RRC's interest in The Tennis Club of Ft. Lauderdale, Ltd. for a nominal consideration, upon the occurrence of certain events. The agreement originally provided that Burchell would have an option to purchase a one-third share of RRC's interest. By handwritten and initialed amendments this was changed to a one-quarter share. To obtain Burchell's consent to the reduction, RRC agreed to purchase Burchell's apartment in the condominium for $45,000 plus assumption of existing mortgages, which would give Burchell the cash he had been seeking to pay certain of his other obligations. The option of Part II was to be exercised by payment of $10 within sixty days after First Wisconsin's release of its mortgage on the property and Burchell's performance of his obligations under the Independent Contractor section of the document.

A Certificate of Limited Partnership was filed with the Florida Secretary of State on December 29, 1978 (Plaintiff's Exhibit No. 2). The certificate showed as general partners RRC, Burchell, and Colonial Realty Company, a Connecticut general partnership. No separate partnership agreement was ever prepared.

The conditions of the option contract were ultimately satisfied, and, although the testimony was conflicting, the court finds that Burchell did exercise his option to purchase a share of RRC's interest in The Tennis Club of Ft. Lauderdale, Ltd.

A mortgage deed from Tennis Club to Richard L. Danner, dated February 16, 1979, was executed by Burchell as a general partner of Tennis Club.

Under the terms of the handwritten addendum to the option agreement, cash payment was to be made for Burchell's apartment within sixty days of November 6, 1978. No payment on the purchase price was made until Burchell received $10,000, approximately five months after the agreement had been signed. During this period Burchell's apartment was used by Danner and Haines or their guests. No rent was paid, but Danner or Haines paid approxi-

mately two of Burchell's mortgage payments. No closing finally occurred on the apartment. There was a dispute as to who caused the delay and ultimate breakdown.

Burchell managed the Tennis Club property until July, 1979. He was sporadically paid a salary and received a total of approximately $6,000 from September, 1978 until his departure.

An amended Certificate of Limited Partnership, showing Danner as the only general partner and Haines as the only limited partner, was filed on December 29, 1978. However, under Fla.Stats., § 620.25(1)(b) it would be ineffective because it was not signed by all members, including Burchell.

On September 11, 1980, this court entered an order in the main bankruptcy proceeding, allowing the debtor, Dennis Burchell, to claim as exempt wages any money due him for his performance under the November 6, 1978 agreement. Burchell individually has brought an action against RRC in the Florida Circuit Court to recover money claimed to be due him. In their supplemental answer, defendants urge that the trustee's action here is barred because it arises under the same agreement. The court concludes that defendants' affirmative defense is without merit, and that the agreement of November 6, 1978 is not so indivisible as to result in the splitting of a cause of action in the trustee's bringing of this suit.

Section I and Section II of the November 6, 1978 agreement deal with quite separate matters, as is indicated by the title of the agreement (Independent Contractor Agreement and Agreement for Purchase and Sale of Interest in General Partner) and by this court's order of September 11, 1980. The first section of the agreement gives a cause of action to Burchell for payment for his performance and the second gives the trustee a cause of action for the partnership interest. Although to some extent the same circumstances and considerations may have led RRC to enter into both parts of the agreement, the two aspects are really separate agreements with entirely separate obligations to be performed by RRC. Because of this severability, the decision by a

court in either case would have no res judicata effect on the other.

The parties did not dispute that Burchell had a valid option to purchase a share of RRC's anticipated interest in the limited partnership, and the court has found that he did exercise that option. The court concludes that the option was to purchase a one-fourth share rather than a one-third share of RRC's interest. Burchell agreed to that reduction before executing the November 6, 1978 agreement. Burchell, in fact, did not receive the needed cash, which was the basis for his willingness to reduce his share. The court cannot agree with defendants' argument that Burchell's own actions frustrated his receipt of that purchase price, and does not agree that his failure to provide an abstract of title requires the conclusion that Burchell knew he was unable to provide good title. However, the effectiveness in the reduction of his share is not dependent upon actual receipt of the $45,000 purchase price from RRC, and the trustee is limited to a one-fourth share.

The court finds that Burchell did not abandon his partnership interest when he departed as manager of the Tennis Club in 1979. Fla.Stats. § 620.20 describes the effect upon a limited partnership of the retirement, death or insanity of a general partner, but does not address the issue of a general partner being deemed to have removed himself. Here, Burchell scheduled his partnership interest in bankruptcy, and testified that he considered himself still to be a partner. The defendants attempted to prove improprieties by Burchell in his issuance of checks on partnership accounts. An objection was made to their relevancy. That objection is now overruled. The court is basically satisfied by Burchell's explanations of the expenditures, but even if certain expenditures had been unjustified, that fact would not operate to divest Burchell of all his interest in the partnership, although it could affect his rights to distribution.

Since there was no abandonment as a matter of law, the trustee succeeded to Burchell's interest in Tennis Club in the amount of one-fourth of RRC's anticipated

original interest. In RRC's agreement with Burchell, this was referred to as a fifty percent interest in Tennis Club (Plaintiff's Exhibit No. 1). The Certificate of Limited Partnership filed with the State of Florida (Plaintiff's Exhibit No. 2) shows an undifferentiated fifty percent interest as being held jointly by the three parties constituting the general partner: RRC, Colonial Realty Company, and Burchell. Because there was no other evidence offered, this court can only conclude that this fifty percent is the same fifty percent referred to in the Burchell-RRC agreement, and that Burchell has one-fourth of this fifty percent, or a twelve and one-half percent general partnership interest in Tennis Club. No evidence was presented as to the value of this interest.

As the successor to the interest of the debtor, a general partner of The Tennis Club of Ft. Lauderdale, Ltd., the trustee may pursue whatever rights he may have against the other partners, such as seeking an accounting, settlement of the partnership affairs, or a dissolution of the partnership through sale of his interest, or otherwise.

In accordance with Bankruptcy Rule 921(a), a separate Judgment incorporating these findings is being entered this date.